**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 18-41619-bem |
| MATTHEW DAVID LANDERS AND | ) | CHAPTER 13 |
| MELEAH BETH LANDERS, | ) | |
| Debtor. | ) | |
| _____ | ) | |
| WEST ROME ANIMAL CLINIC, P.C. AND | ) | |
| DANIEL PATE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ADVERSARY PROCEEDING NO. |
| | ) | 20- |
| MELEAH BETH LANDERS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

COME NOW Plaintiffs West Rome Animal Clinic, P.C. ("WRAC") and Daniel Pate ("Dr. Pate")(collectively "Plaintiffs"), creditors of Debtor Meleah B. Landers ("Debtor" or "Defendant") in this case, and, pursuant to Federal Rule of Bankruptcy Procedure 7001(6), file this Complaint seeking a determination of the dischargeability of the debt owed by Debtor to WRAC and Dr. Pate under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(3) (the "Adversary Proceeding").

1.

Debtor filed for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") on July 12, 2018 (the "Petition Date"). This Court has jurisdiction over this Adversary Proceeding under 28 U.S.C. §§ 157 and 1334, 11 U.S.C. § 523, and Local Rule 1070-1, Northern District of Georgia. Venue is proper in this Court pursuant to 28

U.S.C. § 1409.

2.

This Adversary Proceeding is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(I).

3.

Debtor is subject to the personal jurisdiction of this Court based upon his filing of Chapter 13 Bankruptcy, Case No. 18-41649-BEM Bankruptcy Court for the Northern District of Georgia (the "Bankruptcy Case"). Debtor may be served with process in this Adversary Proceeding by mailing a copy of the Summons and Complaint by First Class U.S. Mail, postage pre-paid to Meleah Beth Landers, 66 Mango Road NE, Rome, GA 30161, as provided by Rules 7004(b)(1) and (b)(9) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4.

WRAC is a Georgia domestic professional corporation with its principal office located at 2012 Shorter Ave, NW, Rome, Georgia 30165.

5.

Dr. Pate, DVM, is a resident of Floyd County, Georgia.

**FACTUAL BACKGROUND**

**The Underlying Facts**

6.

Dr. Pate holds a doctorate in veterinary medicine and has been practicing in the Rome,

Georgia area since 1989.

7.

In 1990, Dr. Pate purchased WRAC. Dr Pate then operated the clinic as a sole proprietorship from 1990 to June 2000.

8.

Dr. Pate founded WRAC as a Georgia domestic professional corporation in June 2000. Dr. Pate is the sole shareholder of WRAC.

9.

WRAC's principal office is located at 2012 Shorter Ave, NW, Rome, Georgia 30165. WRAC, however, does not own this property. Instead, WRAC leases the premises from Dr. Pate (the "WRAC Lease").

10.

In October 2013, Dr. Pate entered into a commercial loan agreement in the amount of $664,243.00 with Synovus Bank. Dr. Pate used the proceeds of this loan to fund the construction of a state-of-the-art veterinary facility at 2012 Shorter Ave, NW, Rome, Georgia 30165.

11.

In addition to his own personal income, Dr. Pate uses the proceeds of the WRAC Lease to pay the monthly loan obligations.

12.

In July 1997, Dr. Pate hired Defendant as a receptionist in his veterinary practice. Defendant was then employed by WRAC when it was incorporated in June 2000.

13.

Defendant became WRAC's Practice Manger in 2000. Her job responsibilities included providing business management services and overseeing the operations of WRAC.

14.

Defendant also was responsible for issuing payment of Dr. Pate's monthly loan obligations. Dr. Pate would routinely request that Defendant make payments on the loan in an amount above the minimum payment amount. Since 2015, Defendant assured Dr. Pate that she had been making additional monthly payments on the loan in an amount up to double of the minimum required amount.

15.

At all material times, Defendant knew that her statements concerning the additional loan payments were false.

16.

One of the many vendors from which WRAC regularly purchased veterinary equipment and supplies is Patterson Veterinary Supply, Inc. ("Patterson Veterinary"). On September 19, 2017, Dr. Pate received a phone call from a Patterson Veterinary representative during which the representative advised Dr. Pate that WRAC's account was in arrears to the amount of $150,000.00. Prior to receiving this phone call, both WRAC and Dr. Pate believed that the Patterson Veterinary account was in good standing with all debts fully paid off.

4

17.

Dr. Pate immediately spoke with Defendant about the status of the Patterson Veterinary account. Defendant stated that the Patterson Veterinary account was in good standing and without an overdue balance. She further stated that there had been a computer glitch in Patterson Veterinary's computers and that this problem had happened before. Defendant then advised Dr. Pate that she would contact Patterson Veterinary and have the problem corrected.

18.

At all material times, Defendant knew that her statements concerning the status of the Patterson Veterinary account were false.

19.

Plaintiffs then hired a certified public accountant ("CPA") to perform a forensic audit of WRAC's financial records. This audit cost Plaintiffs $6,000.00.

20.

On September 27, 2017, Dr Pate contacted a representative from Synovus Bank concerning the status of his commercial loan. Synovus representatives informed Dr. Pate that only the minimum loan payments had been made in the past two years.

21.

Dr. Pate immediately placed Defendant on administrative leave pending the results of the financial audit.

22.

The preliminary results of the financial audit indicated that between January 2017 and September 2017 over $38,000.00 in WRAC funds had been taken by Defendant.

23.

On October 11, 2017, Plaintiffs terminated Defendant's employment due to her involvement in the financial thefts and her lack of cooperation in the financial audit. Dr. Pate also informed the City of Rome Police Department about Defendant's thefts.

24.

Defendant then attempted to claim unemployment benefits through the Georgia Department of Labor ("GDOL"). Following a claims examination, GDOL found that Defendant was ineligible to receive unemployment benefits due to intentional embezzlement of WRAC funds. See **Exhibit "A"** attached hereto.

25.

WRAC commenced a complete in-house financial audit. WRAC's bank was only able to provide financial records dating back to 2010. In comparing bank records with WRAC's internal accounting records, WRAC discovered that Defendant unlawfully took $259,244.00 in cash from WRAC's possession. The cost of this in-house audit to WRAC amounted to $19,102.97.

26.

Defendant employed a method of falsifying WRAC's accounting records in order to hide her unlawful taking of WRAC funds. Defendant would intercept and or falsify WRAC bank deposit slips such that the amount being deposited would be for a lessor cash amount than was actually received by WRAC. Defendant would then take the difference in cash for her own personal use.

27.

Defendant also would withhold depositing checks written to WRAC so that she could deposit them at a later date in an effort to cover up her taking of cash for that bank deposit period.

28.

On December 21, 2017, Defendant was arrested on charges of felony theft by taking by a fiduciary. See **Exhibit "B"** attached hereto.

29.

Plaintiffs suffered additional losses due to Defendant's actions involving health insurance fraud. Defendant used her position as Practice Manger to cause WRAC to pay her portion of her health insurance costs. Accounting records were only available dating back to 2010. From 2012 to 2017, Defendant defrauded WRAC in the amount of $17,514.00. Upon information and belief, Plaintiffs believe that Defendant's continued the practice of using WRAC funds to pay her own health insurance costs in years prior to 2012.

30.

Defendant was responsible for paying Dr. Pate's personal American Express and Citizens First/Synovus Visa credit card bills in full each month. Defendant failed to pay these credit card accounts in full resulting in interest being charged to the accounts. As a result, Dr. Pate has suffered additional losses.

31.

Plaintiffs suffered additional losses due to Defendant's actions involving the Patterson Veterinary account. Plaintiffs were forced to pay an additional $20,140.65 to Patterson Veterinary in interest charges due to Defendant's actions.

32.

In order to cover the debts accrued due to Defendant's actions as set forth herein, Dr. Pate was forced to sell 850 shares of his personally held Home Depot stock. Dr. Pate sold these shares for $152.97 per share for a total of $130,024.50. Dr. Pate incurred a personal tax liability of $14,350.00 as a result of this sale.

**Debtor/Defendant's Bankruptcy Case and the State Court Action**

33.

On or about July 18, 2018, Debtor filed her Bankruptcy Case.

34.

Debtor did not list Dr. Pate or WRAC as creditors, despite her arrest for fraud and the actions taking place prior to commencement of the Bankruptcy Case.

35.

Dr. Pate and WRAC did not receive any notices from Debtor or the Bankruptcy Court regarding Debtor's Bankruptcy Case.

36.

On or about September 9, 2019, Dr. Pate and WRAC filed a Complaint for Damages against Defendant in the Superior Court of Floyd County (the "State Court Action").

37.

On or about October 10, 2019, Defendant simultaneously filed an Answer and a Notice of Bankruptcy Stay in the State Court Action.

38.

Receipt of the Notice of Bankruptcy Stay was the first time Plaintiffs learned of Defendant's Bankruptcy Case. The Notice of Bankruptcy Stay is attached hereto as **Exhibit "C."**

39.

In her Answer, attached hereto as **Exhibit "D,"** Defendant consistently invokes her Fifth Amendment right against self-incrimination.

## COUNT I – REQUEST TO FILE COMPLAINT OBJECTING TO DISCHARGE

40.

Plaintiffs reallege and incorporate by reference Paragraphs 1 - 39 of this Complaint as if fully stated herein.

41.

11 U.S.C. § 1328(a)(2) provides that a discharge shall not be granted to a debtor for any

debt ". . . of the kind specified in . . . (3) . . . of section 523(a). 11 U.S.C. § 523(a)(3)(B) provides

that a discharge "does not discharge an individual debtor from any debt – . . . (3) neither listed

nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the

creditor to whom such debt is owed, in time to permit – (B) if such debt is of a kind specified

in paragraph (2), (4), or (6) of this subsection, timely filing a proof of claim and timely request

for a determination of dischargeability of such debt under one of such paragraphs, unless such

creditor had notice or actual knowledge of the case in time for such timely filing and request."

11 U.S.C. § 523(a)(3)(B).

42.

Bankruptcy Rule 4007(b) states that "[a] complaint other than under § 523(c) may

be filed at any time." Section 523(c) includes §§ 523(a)(2), (4), and (6) claims, not § 523(a)(3)

claims. When a debtor fails to schedule a debt, Bankruptcy Rule 4007(b) specifically affords

the creditor the right to litigate the dischargeability of a debt arising out of fraud outside the

prescribed time limits in Rule 4007(c).

43.

A creditor with a debt specified in 11 U.S.C. § 523(a)(2), (4), or (6) and did not receive

actual knowledge of the bankruptcy case "in time for timely filing of a request for determination

of dischargeability, the inquiry ends there – the debt is not discharged." *Hathorn v. Petty (In re*

*Petty)*,  491 B.R. 554, 560 (B.A.P. 8th Cir. 2013)(citing cases).

44.

Plaintiffs had no knowledge of the instant case until AFTER Defendant's Chapter 13

plan was confirmed. Plaintiffs learned of the case for the first time on October 10, 2019, more

than one year post-petition.

45.

Defendant's bankruptcy counsel filed a Notice of Bankruptcy Stay on October 10, 2019 in the State Court Action. The Notice of Bankruptcy states: "Schedule F was amended on October 7, 2019 to include claims from Dr. Pate or West Rome Animal Clinic." A true and correct copy of the Notice of Bankruptcy Stay is attached hereto as **"Exhibit D."**

46.

Defendant's debt to Plaintiffs arises out of fraud, deliberate misrepresentations,  and willful and malicious injury to Dr. Pate and WRAC, which are claims under § 523(a)(2)(A) and § 523(a)(6).

47.

The debt owed to Plaintiffs is non-dischargeable under § 523(a)(3), because Debtor purposefully left it off her schedules, and Plaintiffs had no knowledge of the Bankruptcy Case until October 10, 2019, long after Debtor confirmed her Chapter 13 Plan.

48.

The debt is further non-dischargeable because Plaintiffs did not have an opportunity to materially participate in the Plan confirmation process.

**COUNT II – NON-DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(2)(A)**

49.

Plaintiffs reallege and incorporate by reference Paragraphs 1 - 48 of this Complaint as if fully stated herein.

50.

11

11 U.S.C. § 523(a)(2)(A) provides that a discharge "under Section 727 of the Bankruptcy Code "does not discharge an individual from any debt . . . (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition. " 11 U.S.C. § 1328(a)(2) provides that debts under 11 U.S.C. § 523(a)(2)(A) are not dischargeable in a Chapter 13 bankruptcy case.

51.

Pursuant to 11 U.S.C. § 523(c)(1), on request of the creditor to whom such debt is owed, and after notice and a hearing, the Bankruptcy Court may determine such debt to be excepted from discharge under 11 U.S.C. § 523(a)(2)(A).

52.

Defendant made representations to Plaintiffs that she would and was properly performing her job duties including, but not limited to, keeping accurate bookkeeping records, correctly depositing cash and checks, and timely paying Dr. Pate's and WRAC's bills and obligations.

53.

At the time of making said representations, Defendant knew that her representations were false.

54.

Plaintiffs justifiably relied upon Defendant's representations.

55.

Defendant's actions constitute a fraud against Plaintiffs and, as a result of Defendant's fraud, Plaintiffs have been damaged in an amount to be determined at trial.

**COUNT III – NON-DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(4)**

56.

Plaintiffs reallege and incorporate by reference Paragraphs 1 - 54 of this Complaint as if fully stated herein.

57.

"Under federal common law, 'embezzlement' is 'the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come.' *Id.* (quoting *United States v. Sayklay*, 542 F.2d 942, 944 (5th Cir. 1976)). "To prevail on a § 523(a)(4) claim for embezzlement, a creditor must prove that "(1) 'he entrusted property to the debtor,' (2) 'the debtor appropriated the property for a use other than that for which it was entrusted,' and (3) 'the circumstances indicate fraud.'" *In re Taylor*, 551 B.R. 506, 521 (Bankr. M.D. Ala. 2016).

58.

Plaintiffs entrusted the financial records and check writing authority to Debtor during the relevant time periods, and Debtor appropriated over $257,000.00 of Plaintiffs' funds for her own purposes – purposes other than that for which the funds were entrusted.

59.

Plaintiffs suffered damages in an amount of at least $257,000.00, the exact amount to be determined at trial, and based upon the foregoing allegations, circumstances clearly indicate that Debtor defrauded Plaintiffs.

60.

Larceny under § 523(a)(4) necessitates a showing that a debtor wrongfully took property from its rightful owner with fraudulent intent to convert such property to her own use without the owner's consent.

61.

To the extent that certain funds were not entrusted to Defendant, Defendant committed larceny by fraudulently taking funds from Plaintiffs and converting those funds to her own use.

62.

Based on the foregoing facts, the Court should determine that the debt owed by Defendant to Plaintiffs is non-dischargeable pursuant to 11 U.S.C. § 523(a)(3), (a)(4), and (a)(2)(A).

WHEREFORE, Plaintiffs respectfully pray that this Court order as follows:

(a)      that Defendant's debt to Plaintiffs be excepted from discharge, pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(3), (a)(4), and (c)(1);

(b)      that the amount of the debt excepted from discharge be determined at trial; and

(b)     that Plaintiffs have such other and further relief as the Court deems just and

proper.

                                              /s/ Will Geer_____
                                              Will Geer
                                              Georgia Bar No. 940493
                                              Attorney for Plaintiffs

Wiggam & Geer, LLC
50 Hurt Plaza, SE, Suite 1150
Atlanta, Georgia 30303
T: 678-587-8740
F: 404-287-2767
wgeer@wiggamgeer.com

**E-filed for Record**
**9/9/2019 5:34 PM**
**Floyd County, GA**

## GEORGIA DEPARTMENT OF LABOR
### CLAIMS EXAMINER'S DETERMINATION

SSN _____ ***-**-4259 _____

BYB _____ 10/23/17 _____

CWB _____ 10/22/17 _____

ACCT# 046281-39

PLAINTIFF'S
EXHIBIT

**A**

GEORGIA DEPARTMENT OF LABOR
APPEALS TRIBUNAL
148 ANDREW YOUNG INT'L BLVD NE, STE 525
ATLANTA, GA  30303-1734
EMAIL: appeals@gdol.ga.gov
FAX:  404-232-3901 OR 404-232-3902

| EMPLOYER | CLAIMANT |
|---|---|
| WEST ROME ANIMAL CLINIC P C<br>2012 SHORTER AVENUE<br>ROME  GA  30165 | MELEAH B. LANDERS<br>66 MANGO RD<br>ROME GA        30161 |

### SECTION I - CLAIM DETERMINATION

Disqualification begins _10/22/17_ and continues until claimant becomes reemployed, is separated and has earned insured wages equal to at least _$5280_ (16 times WBA).

### SECTION II - LEGAL BASIS FOR DETERMINATION

Section 34-8-194(2)(A)(ii)(II) of the Employment Security Law says that you cannot be paid unemployment benefits if you are fired or suspended for stealing anything valued over $100.00.  You also cannot be paid benefits if you are fired or suspended for sabotage or embezzlement.  The law says that your employer has to show that discharge or suspension was for a reason that would not allow you to be paid unemployment benefits.  If you cannot be paid unemployment benefits under this section of the law, you may qualify at a later time. To do this, you must find other work and earn wages covered under unemployment law.  The covered wages must be at least sixteen times the weekly amount of your claim.  If you then become unemployed through no fault of your own, you may reapply for unemployment benefits.

### SECTION III - REASONING

Your employer fired you for embezzlement.  Your conduct was intentional. Therefore, you cannot be paid unemployment benefits.

### SECTION IV - ACCOUNT CHARGEABILITY

NOTICE TO EMPLOYER:
Signed, adequate and timely separation information was received.
Claimant is disqualified. No benefits will be paid, therefore, your account will not be charged.

### SECTION V - APPEAL RIGHTS

NOTE: This determination will become final unless you file an appeal on or before _11/27/17_.  If you wish to appeal, submit a written request by email to appeals@gdol.ga.gov, fax to 404-232-3901 or 404-232-3902 or mail to the Appeals Tribunal, 148 Andrew Young International Blvd, NE, Suite 525, Atlanta, GA 30303-1734.  Refer to the Employer Handbook for more details.

| Georgia Department of Labor | 11/06/17 | 11/09/17 |
|---|---|---|
| Claims Examiner | Date of Interview | Mail Date |

E-filed for Record
9/9/2019 5:34 PM
Floyd County, GA

**DETERMINATION OF MONETARY ENTITLEMENT:** By law, we are required to inform you of this information. The amount indicated was established based on earnings of the claimant during the base period (first four of the last five completed calendar quarters at the time of filing).

$ __330__ Weekly Benefit Amount, __14__ Weeks, $ __4620__ Maximum Benefit Amount.

The determination on the reverse side was based on information provided as of the date of the predetermination fact–finding interview. If you disagree with the determination and wish to appeal, you may do so by stating the reason below. If an appeal is filed by either party, a copy of all records upon which the original determination was based will be made available to both parties prior to the appeal hearing. If you do not want to appeal the determination, retain this copy for your records.

Charging (of benefits paid) to your tax account based on this decision does not apply unless you are a liable Georgia employer. Your account will not be charged more in benefits than you paid in wages to this individual.

## EMPLOYER'S STATEMENT OF APPEAL ON THIS CLAIM
(Complete and return this form ONLY if appeal is requested.)

Name of person to be contacted for the hearing _____

Telephone number of person to be contacted _____

Address where hearing notice should be mailed _____

_____        _____
Signature of Official, Employee of the Employer              Date
or Authorized Agent for the Employer

**WARNING:**     It is a crime under Paragraph (b) of OCGA Section 34–8–256 of the Employment Security Law to make any false statement or to fail to disclose any material fact in connection with an unemployment insurance claim. **VIOLATORS WILL BE PROSECUTED.**

**OCGA Section 34-8-122**
**PRIVILEGED STATUS OF LETTERS, REPORTS, ETC., RELATING TO ADMINISTRATION OF CHAPTER -** "All letters, reports, communications, or any other matters, either oral or written, from the employer or employee to each other or to the Department of Labor or any of its agents, representatives, or employees, which letters, reports, or other communications shall have been written, sent, delivered, or made in connection with the requirements of the administration of this chapter, shall be absolutely privileged and shall not be made the subject matter or basis for any action for slander or libel in any court of the State of Georgia."

**LIST YOUR JOB OPENINGS WITH THE GEORGIA DEPARTMENT OF LABOR**

*Rome News-Tribune*

E-filed for Record
PLAINTIFF'S
EXHIBIT
B

# Warrant: Former employee took over $257,000 from animal clinic

By Spencer Lahr, Staff Writer    Dec 21, 2017



Meleah Landers (second from left) walks to the Floyd County Jail bonding lobby Thursday, Dec. 21, 2017, to turn herself in after being accused of taking over $257,000 from the West Rome Animal Clinic, where she was the office's practice manager. She is charged with felony theft by taking by fiduciary. (Spencer Lahr / RN-T.com)



Meleah Beth Landers

The former practice manager for West Rome Animal Clinic turned herself in at the jail Thursday afternoon after being accused of taking over $257,000 from her employer.

According to Floyd County Jail reports:

Meleah Beth Landers, 40, of 66 Mango Road, turned herself in at the jail just before 5 p.m. Thursday. She is charged with felony theft by taking by fiduciary. She was in jail without bond Thursday night.

The thefts date back to Jan. 1, 2010, and they went on through Oct. 10, totaling $257,391.29, according to a warrant for her arrest issued Thursday. The warrant stated she violated the fiduciary obligation of her position by taking the money, but it does not indicate how she took it.

Dr. Dan Pate, a veterinarian and owner of the clinic, said Landers was a 20-year employee and as practice manager had worked very closely with the finances. She was in charge of human resources and personnel, along with paying the bills, working with accounts receivable and helping those who needed financing, he continued.

About three months ago, Pate said he found his clinic at 2012 Shorter Ave. was missing a "significant" amount of money.

A drug company had called around this time and told Pate his clinic owed an excess of $100,000 to them. As he looked into his clinic's finances in September, he began to discover abnormalities and felt an audit was necessary.

The case was then turned over to the Rome Police Department, which began a three-month investigation that resulted in Landers being taken into custody Thursday.

"It is very disappointing because she was a friend and what I thought was a valued employee," Pate said. "And I did not realize what was going on."

Pate said it's in the hands of the court now and he's left to see what will be decided.

"We had worked together for a long time, and whenever something like this happens it's very saddening and it's disheartening and hurtful."

E-filed for Record
10/10/2019 5:33 PM
Floyd County, GA

**IN THE SUPERIOR COURT
FOR THE COUNTY OF FLOYD
STATE OF GEORGIA**

| | | |
|---|---|---|
| **WEST ROME ANIMAL CLINIC,** | ) | |
| **P.C., AND DANIEL PATE,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **Civil Action No** |
| **VS.** | ) | **19CV01923JFL004** |
| | ) | |
| **MELEAH BETH LANDERS** | ) | |
| | ) | |
| **Defendant(s)** | ) | |

**<u>NOTICE OF BANKRUPTCY STAY</u>**

COMES NOW, Defendant(s), Meleah Beth Landers, and files this Notice of Bankruptcy Stay and shows this Court the following;

1.      On July 12, 2018, Defendant filed a Voluntary Petition in Chapter 13 Bankruptcy in the United States Bankruptcy Court for the Northern District of Georgia, Rome Division, under case No. 18-41619-bem (Notice of Filing attached hereto as Exhibit "A").

2.      Plaintiff's claim herein pre-existed the filing of said Bankruptcy.

3.      Schedule F was amended on October 7, 2019 to include any claims from Dr. Pate or West Rome Animal Clinic.

WHEREFORE, Defendant prays that this suit be stayed and abated during the pendency of Debtor's Bankruptcy case.

This Thursday, October 10, 2019.    /s/ Jeffrey B. Kelly

JEFFREY B. KELLY
Law Office of Jeffrey B. Kelly, P.C.
Attorney for Debtor(s)
Georgia Bar No. 412798

107 E. 5th Avenue
Rome, GA 30161
(678) 861-1127 (Phone)
(706) 413-1365 (Fax)

**E-filed for Record**
**10/10/2019 5:33 PM**
**Floyd County, GA**

United States Bankruptcy Court
Northern District of Georgia

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed
below was filed under Chapter 13 of the United States
Bankruptcy Code, entered on 07/12/2018 at 6:07 PM
and filed on 07/12/2018.



**Matthew David Landers**
66 Mango Rd NE
Rome, GA 30161
SSN / ITIN: xxx-xx-8922

**Meleah Beth Landers**
66 Mango Rd NE
Rome, GA 30161
SSN / ITIN: xxx-xx-4259

The case was filed by the debtor's attorney:

**Jeffrey B. Kelly**
Law Office of Jeffrey B. Kelly, P.C.
107 E. 5th Avenue
Rome, GA 30161
678-861-1127

The bankruptcy trustee is:

**Mary Ida Townson**
Chapter 13 Trustee
Suite 1600
285 Peachtree Center Ave, NE

Atlanta, GA 30303
(404) 525-1110

The case was assigned case number 18-41619-bem to Judge Barbara Ellis-Monro.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page http://ecf.ganb.uscourts.gov/index.html or at the Clerk's Office,
Room 339, Federal Building, 600 East First Street, Rome, GA 30161-3187.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**M. Regina Thomas**
**Clerk, U.S. Bankruptcy**
**Court**

**E-filed for Record**
**10/10/2019 5:33 PM**
**Floyd County, GA**

### CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing **Plea for Stay** on the following by U. S. Mail, in a properly stamped and addressed envelope.

West Rome Animal Clinic P.C.
Dan Pate, Reg Agent
2012 Shorter Ave
Rome, GA  30165

Attn Christopher Twyman Attorney for
West Rome Animal Clinic P.C.
711 Broad Street
Rome, GA 30161

Mary Ida Townson
Chapter 13 Trustee
191 Peachtree St, NE
Suite 2200
Atlanta, GA 30303-1740

Matthew Landers
Meleah Landers
66 Mango Rd NE
Rome, GA 30161

This Thursday, October 10, 2019.

_/s/_ Jeffrey B. Kelly
 Jeffrey B. Kelly, Esquire
Attorney for Debtor(s)
Georgia Bar No. 412798
Law Office of Jeffrey B. Kelly
107 E. 5th Avenue
Rome, GA 30161
(678) 861-1127 (Phone)
(706) 413-1365 (Fax)

# IN THE SUPERIOR COURT OF FLOYD COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| WEST ROME ANIMAL CLINIC, P.C.,<br>and DANIEL PATE, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION FILE NO. |
| | ) | |
| v. | ) | I 9CV01923-JFL-004 |
| | ) | |
| MELEAH BETH LANDERS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT MELEAH BETH LANDERS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES

COMES NOW, Defendant, Meleah Beth Landers (hereinafter "Landers") and files this her Defenses and Answer to Plaintiffs' Complaint and shows the Court as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim for which relief can be granted, and, therefore, should be dismissed pursuant to O.C.G.A. § 9-l l-12(b)(6).

### SECOND DEFENSE

To the extent it may be shown through discovery, Plaintiffs have failed to mitigate her damages.

### THIRD DEFENSE

Defendant raises all of those affirmative defenses found in O.C.G.A. § 9-11-8(c) to the extent the same may be shown through discovery.

E-filed for Record
**10/10/2019 7:12 PM**
**Floyd County, GA**

## FOURTH DEFENSE

If Defendant was negligent in any respect, which he denies, then the negligence of Plaintiffs were equal to or greater than any such negligence assignable to Defendant, and, therefore, Plaintiff is barred from recovery.

## FIFTH DEFENSE

If any negligence on the part of Defendant can be found, then Plaintiff failed to exercise ordinary care and could have avoided the consequences of any alleged negligence of Defendant, and, therefore, Plaintiff is thereby barred from any recovery.

## SIXTH DEFENSE

The Plaintiffs are barred by accord and satisfaction.

## SEVENTH DEFENSE

Plaintiffs are barred from recovering special damages not specifically pied pursuant to O.C.G.A. § 9-Il-9(g).

## EIGHTH DEFENSE

Without waiving any of the foregoing defenses, and incorporating each as if set forth herein verbatim, Defendant responds to the numbered paragraphs of Plaintiffs' Complaint for Damages ("Complaint") as follows:

I.

The allegations contained in Paragraph I of the Complaint are admitted.

2.

The allegations contained in Paragraph 2 of the Complaint are admitted.

3.

The allegations contained in Paragraph 3 of the Complaint are admitted.

4.

The allegations contained in Paragraph 4 of the Complaint are admitted.

5.

In response to Paragraph 5 of the Complaint, Landers is without knowledge or information sufficient to form a belief as to the truthfulness of these allegations and, hence, Landers denies the same and demands strict proof thereof by the named Plaintiffs.

6.

In response to Paragraph 6 of the Complaint, Landers is without knowledge or information sufficient to form a belief as to the truthfulness of these allegations and, hence, Landers denies the same and demands strict proof thereof by the named Plaintiffs.

7.

In response to Paragraph 7 of the Complaint, Landers is without knowledge or information sufficient to form a belief as to the truthfulness of these allegations and, hence, Landers denies the same and demands strict proof thereof by the named Plaintiffs.

8.

In response to Paragraph 8 of the Complaint, Landers is without knowledge or information sufficient to form a belief as to the truthfulness of these allegations and, hence, Landers denies the same and demands strict proof thereof by the named Plaintiffs.

E-filed for Record
10/10/2019 7:12 PM
Floyd County, GA

9.

In response to Paragraph 9 of the Complaint, Landers is without knowledge or information sufficient to form a belief as to the truthfulness of these allegations and, hence, Landers denies the same and demands strict proof thereof by the named Plaintiffs.

10.

In response to Paragraph 10 of the Complaint, Landers is without knowledge or information sufficient to form a belief as to the truthfulness of these allegations and, hence, Landers denies the same and demands strict proof thereof by the named Plaintiffs.

11.

The allegations contained in Paragraph 11 of the Complaint are admitted.

12.

The allegations contained in Paragraph 12 of the Complaint are denied.

13.

Landers invokes her 5th Amendment right under the U.S. Constitution and her right against self-incrimination under the Georgia Constitution 1983, Art. I, § I, **,i XVI** to the allegation set forth in paragraph 13.

14.

Landers invokes her 5th Amendment right under the U.S. Constitution and her right against self-incrimination under the Georgia Constitution 1983, Art. I, § I, ,i XVI to the allegation set forth in paragraph 14.

E-filed for Record
10/10/2019 7:12 PM
Floyd County, GA

15.

Landers invokes her 5th Amendment right under the U.S. Constitution and her right against self-incrimination under the Georgia Constitution 1983, Art. I, § I, -U XVI to the allegation set forth in paragraph 15.

16.

Landers invokes her 5th Amendment right under the U.S. Constitution and her right against self-incrimination under the Georgia Constitution 1983, Art. I, § I, -U XVI to the allegation set forth in paragraph 16.

17.

Landers invokes her 5th Amendment right under the U.S. Constitution and her right against self-incrimination under the Georgia Constitution 1983, Art. I, § I, 1 XVI to the allegation set forth in paragraph 17.

18.

In response to Paragraph 18 of the Complaint, Landers is without knowledge or information sufficient to form a belief as to the truthfulness of these allegations and, hence, Landers denies the same and demands strict proof thereof by the named Plaintiffs.

19.

In response to Paragraph 19 of the Complaint, Landers is without knowledge or information sufficient to form a belief as to the truthfulness of these allegations and, hence, Landers denies the same and demands strict proof thereof by the named Plaintiffs.

E-filed for Record
10/10/2019 7:12 PM
Floyd County, GA

20.

In response to Paragraph 20 of the Complaint, Landers is without knowledge or infonnation sufficient to fonn a belief as to the truthfulness of these allegations and, hence, Landers denies the same and demands strict proof thereof by the named Plaintiffs.

21.

In response to Paragraph 21 of the Complaint, Landers is without knowledge or infonnation sufficient to fonn a belief as to the truthfulness of these allegations and, hence, Landers denies the same and demands strict proof thereof by the named Plaintiffs.

22.

Landers invokes her 5th Amendment right under the U.S. Constitution and her right against self-incrimination under the Georgia Constitution 1983, Art. I, § I, ‚Γ XVI to the allegation set forth in paragraph 22.

23.

Landers invokes her 5th Amendment right under the U.S. Constitution and her right against self-incrimination under the Georgia Constitution 1983, Art. I,§ I, ‚Γ XVI to the allegation set forth in paragraph 23.

24.

In response to Paragraph 24 of the Complaint, Landers is without knowledge or infonnation sufficient to form a belief as to the truthfulness of these allegations and, hence, Landers denies the same and demands strict proof thereof by the named Plaintiffs.

25.

Landers invokes her 5th Amendment right under the U.S. Constitution and her right against self-incrimination under the Georgia Constitution 1983, Art. I,§ I, ‚ґ XVI to the allegation set forth in paragraph 25.

26.

Landers invokes her 5•h Amendment right under the U.S. Constitution and her right against self-incrimination under the Georgia Constitution 1983, Art. I, §I, ‚ґ XVI to the allegation set forth in paragraph 26.

27.

The allegations contained in Paragraph 27 of the Complaint are admitted.

28.

Landers invokes her 5th Amendment right under the U.S. Constitution and her right against self-incrimination under the Georgia Constitution 1983, Art. I, §I, ‚ґ XVI to the allegation set forth in paragraph 28.

29.

Landers invokes her 5th Amendment right under the U.S. Constitution and her right against self-incrimination under the Georgia Constitution 1983, Art. I, §I, ‚ґ XVI to the allegation set forth in paragraph 29.

30.

Landers invokes her 5th Amendment right under the U.S. Constitution and her right against self-incrimination under the Georgia Constitution 1983, Art. I,§ I, ‚ґ XVI to the allegation set forth in paragraph 30.

E-filed for Record
10/10/2019 7:12 PM
Floyd County, GA

31.

In response to Paragraph 31 of the Complaint, Landers is without knowledge or information sufficient to form a belief as to the truthfulness of these allegations and, hence, Landers denies the same and demands strict proof thereof by the named Plaintiffs.

32.

This paragraph does not require a response.

33.

Landers invokes her 5th Amendment right under the U.S. Constitution and her right against self-incrimination under the Georgia Constitution 1983, Art. I, § I, ,r XVI to the allegation set forth in paragraph 33.

34.

Landers invokes her 5th Amendment right under the U.S. Constitution and her right against self-incrimination under the Georgia Constitution 1983, Art. I, § I, ,r XVI to the allegation set forth in paragraph 34.

35.

Landers invokes her 5th Amendment right under the U.S. Constitution and her right against self-incrimination under the Georgia Constitution 1983, Art. I, § I, ,r XVI to the allegation set forth in paragraph 35.

36.

This paragraph does not require a response.

37.

Landers invokes her 5th Amendment right under the U.S. Constitution and her right against self-incrimination under the Georgia Constitution 1983, Art. I, § I, 1 XVI to the allegation set forth in paragraph 37.

38.

Landers invokes her 5th Amendment right under the U.S. Constitution and her right against self-incrimination under the Georgia Constitution 1983, Art. I, § I, 1 XVI to the allegation set forth in paragraph 38.

39.

Landers invokes her 5th Amendment right under the U.S. Constitution and her right against self-incrimination under the Georgia Constitution 1983, § I, XVI to the allegation set forth in paragraph 39.

40.

This paragraph does not require a response.

41.

Landers invokes her 5th Amendment right under the U.S. Constitution and her right against self-incrimination under the Georgia Constitution 1983, Art. I, § I, XVI to the allegation set forth in paragraph 41.

42.

Landers invokes her 5th Amendment right under the U.S. Constitution and her right against self-incrimination under the Georgia Constitution 1983, Art. I, § I, , r XVI to the allegation set forth in paragraph 42.

**E-filed for Record
10/10/2019 7:12 PM
Floyd County, GA**

43.

Landers invokes her 5•h Amendment right under the U.S. Constitution and her right against self-incrimination under the Georgia Constitution 1983, Art. I, § I, , XVI to the allegation set forth in paragraph 43.

44.

Landers invokes her 5th Amendment right under the U.S. Constitution and her right against self-incrimination under the Georgia Constitution 1983, Art. I, § I, ,  XVI to the allegation set forth in paragraph 44.

45.

This paragraph does not require a response.

46.

Landers invokes her 5th Amendment right under the U.S. Constitution and her right against self-incrimination under the Georgia Constitution 1983, Art. I, §,I,    XVI to the allegation set forth in paragraph 46.

47.

Landers invokes her 5th Amendment right under the U.S. Constitution and her right against self-incrimination under the Georgia Constitution 1983, Art. I, § I,, XVI to the allegation set forth in paragraph 47.

**48.**

Landers invokes her 5th Amendment right under the U.S. Constitution and her right against self-incrimination under the Georgia Constitution 1983, Art. I, §,I,    XVI to the allegation set forth in paragraph 48.

E-filed for Record
10/10/2019 7:12 PM
Floyd County, GA

49.

This paragraph does not require a response.

50.

Landers invokes her 5th Amendment right under the U.S. Constitution and her right against self-incrimination under the Georgia Constitution 1983, Art. I, § I, ,Г XVI to the allegation set forth in paragraph 50.

51.

Landers invokes her 5th Amendment right under the U.S. Constitution and her right against self-incrimination under the Georgia Constitution 1983, Art. I,§ I,, XVI to the allegation set forth in paragraph 51.

52.

Landers invokes her 5th Amendment right under the U.S. Constitution and her right against self-incrimination under the Georgia Constitution 1983, Art. I, §I,, XVI to the allegation set forth in paragraph 52.

53.

This paragraph does not require a response.

54.

Landers invokes her 5th Amendment right under the U.S. Constitution and her right against self-incrimination under the Georgia Constitution 1983, Art. I, §,I, XVI to the allegation set forth in paragraph 54.

E-filed for Record
10/10/2019 7:12 PM
Floyd County, GA

55.

Landers invokes her 5th Amendment right under the U.S. Constitution and her right against self-incrimination under the Georgia Constitution 1983, Art. I, § I, 1 XVI to the allegation set forth in paragraph 55.

56.

Landers invokes her 5th Amendment right under the U.S. Constitution and her right against self-incrimination under the Georgia Constitution 1983, Art. I, § I, 1 XVI to the allegation set forth in paragraph 56.

57.

Landers invokes her 5th Amendment right under the U.S. Constitution and her right against self-incrimination under the Georgia Constitution 1983, Art. I, § I, 1 XVI to the allegation set forth in paragraph 57.

58.

This paragraph does not require a response.

59.

Landers invokes her 5th Amendment right under the U.S. Constitution and her right against self-incrimination under the Georgia Constitution 1983, Art. I, § I, 1 XVI to the allegation set forth in paragraph 59.

60.

Landers invokes her 5th Amendment right under the U.S. Constitution and her right against self-incrimination under the Georgia Constitution 1983, Art. I, § I, **1 XVI** to the allegation set forth in paragraph 60.

61.

The allegations contained in Paragraph 61 of the Complaint are denied.

62.

This paragraph does not require a response.

63.

Landers invokes her 5th Amendment right under the U.S. Constitution and her right against self-incrimination under the Georgia Constitution 1983, Art. I, § I, ,r XVI to the allegation set forth in paragraph 63.

64.

Landers invokes her 5th Amendment right under the U.S. Constitution and her right against self-incrimination under the Georgia Constitution 1983, Art. I, § I, ,i XVI to the allegation set forth in paragraph 64.

65.

The allegations contained in Paragraph 65 of the Complaint are denied.

66.

This paragraph does not require a response.

67.

Landers invokes her 5th Amendment right under the U.S. Constitution and her right against self-incrimination under the Georgia Constitution 1983, Art. I, § I, ,r XVI to the allegation set forth in paragraph 67.

**68.**

Landers invokes her 5th Amendment right under the U.S. Constitution and her right against self-incrimination under the Georgia Constitution 1983, Art. I, § I, ,i XVI to the allegation set forth in paragraph 68.

69.

The allegations contained in Paragraph 69 of the Complaint are denied.

70.

This paragraph does not require a response.

71.

The allegations contained in Paragraph 71 of the Complaint are denied.

72.

The allegations contained in Paragraph 72 of the Complaint are denied.

73.

The allegations contained in Paragraph 73 of the Complaint are denied.

74.

The allegations contained in Paragraph 74 of the Complaint are denied.

75.

The allegations contained in Paragraph 75 of the Complaint are denied.

76.

The allegations contained in Paragraph 76 of the Complaint are denied.

77.

The allegations contained in Paragraph 77 of the Complaint are denied.

E-filed for Record
10/10/2019 7:12 PM
Floyd County, GA

78.

The allegations contained in Paragraph 78 of the Complaint are denied.

**<u>NINETH DEFENSE</u>**

All allegations of the Complaint for Damages not specifically admitted herein are denied by Landers.

WHEREFORE, Landers having set forth her Answer and Defenses to Plaintiffs Complaint, prays that this Court grants judgment in his favor and tax all costs against the Plaintiffs.

Respectfully submitted this 10th day of October, 2019.

**BLEVINS & HONG, PC**

/s/ Richard N. Blevins, Jr.
Richard N. Blevins, Jr.
Ga. Bar No. 063361
Attorneys for Defendant

Blevins & Hong, PC
191 Roswell Street
Marietta, GA 30060
678-354-2290

E-filed for Record
10/10/2019 7:12 PM
Floyd County, GA

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel of record to this action with a copy of the foregoing **Answer** in the above-styled case by depositing a copy of the same in the United States mail in an appropriately addressed envelope with adequate postage thereon as follows:

*Christopher P. Twyman*
*West Evans*
*Cox, Byington, Twyman & Johnson, LLP*
*711 Broad Street*
*Rome, Georgia 30161*

Respectfully submitted this 10th day of October, 2019.

**BLEVINS & HONG, PC**

/s/ Richard N. Blevins, Jr.
Richard N. Blevins, Jr.
Ga. Bar No. 063361
Attorneys for Defendant

Blevins & Hong, PC
191 Roswell Street
Marietta, GA 30060
678-354-2290